CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD LEE SAUNDERS, | Criminal Action No. 7:09-CR-21 |
| Petitioner, | Civil Action No. 7:10-CV-80288 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | By: Hon. Glen E. Conrad |
| Respondent. | Chief United States District Judge |

The petitioner, a federal inmate proceeding pro se, filed this action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising claims that his counsel was unconstitutionally ineffective. The government filed a motion to dismiss the petition. Because his claim that counsel failed to file a direct appeal against instructions requires further factual development for its resolution, the government's motion to dismiss will be denied in part and taken under advisement in part, and the matter will be referred to a magistrate judge for an evidentiary hearing on that claim.

## Background

On April 23, 2009, the grand jury returned a one-count indictment charging Ronald Lee Saunders ("Saunders" or the "petitioner") with distributing more than five grams of cocaine base. After the federal public defender was appointed to represent him, Saunders pled guilty without a plea agreement to the count charged in the indictment.

A presentence report (the "PSR") was developed prior to Saunders' sentencing. During the probation officer's interview with Saunders, Saunders admitted that he was responsible for the distribution of more than 226 grams of cocaine base; the PSR, however, based its sentence calculations on the 5.7 grams of cocaine base involved in the transaction for which Saunders was

arrested. Ultimately, the PSR concluded that Saunders qualified as a career offender under U.S.S.G. § 4B1.1. Based upon Saunders' criminal history (Category VI) and base offense level associated with being a career offender (level 34), and subtracting three points for acceptance of responsibility, the guideline range of incarceration was 188 to 235 months.

The court conducted a sentencing hearing in the case on September 15, 2009. The court determined that, while Saunders' prior convictions did qualify him as a career offender, they nonetheless over-represented his criminal history.[1] Accordingly, the court sentenced the petitioner to 164 months' incarceration—fully twenty-four months below the bottom of the applicable guideline range. The court noted that, under the terms of its downward departure, the sentence imposed on Saunders was similar to the sentence that would have been imposed had he not qualified as a career offender and been held responsible for the 226 grams of cocaine base identified in the PSR.

Saunders did not appeal his convictions or sentence. On October 4, 2010, he filed the instant § 2255 motion in this court. The government moved to dismiss his claims on December 15, and Saunders responded on January 10, 2011.

## Discussion

Saunders essentially raises two claims of ineffective assistance of counsel: (1) that his appointed counsel failed to file a notice of appeal upon his request; and (2) that his appointed counsel failed to adequately object at sentencing to the 226-gram drug weight noted in the PSR.

---

[1] One of Saunders' prior felony substance abuse convictions was committed when he was a juvenile, even though he was tried as an adult. See U.S.S.G. § 4B1.2 cmt. n. 1 (defining the term "prior felony conviction" as an adult conviction and clarifying that "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted.").

2

As a general matter, a plaintiff alleging ineffective assistance of counsel must demonstrate that counsel's performance was objectively unreasonable and that he was prejudiced by this unreasonable performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, it is well-established that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-927 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)); see also United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). "This is true even if the defendant has waived his right to appeal." United States v. Santana, 263 F. App'x 334, 335 (4th Cir. 2008); see also United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (holding that an attorney is required to file a notice of appeal when instructed to do so by the client, "even if doing so would be contrary to the plea agreement and harmful to the client's interests"). Thus, if Saunders can prove that he instructed his attorney to file a notice of appeal, he will be entitled to relief in the form of a new opportunity to pursue a direct appeal.

The parties have each attached affidavits to their pleadings that support their opposing stances on this factual issue. Because this dispute cannot be fully resolved on the existing record, the court will refer the matter to a magistrate judge for an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Accord United States v. O'Quinn, 166 F. App'x 697, 698 (4th Cir. 2006) (per curiam); United States v. Stokes, 112 F. App'x 905, 906 (4th Cir. 2004) (unpublished).

## Conclusion

For these reasons, the government's motion to dismiss will be denied in part and taken under advisement in part, and the case will be referred to the Honorable Michael F. Urbanski,

3

United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel was ineffective in failing to file a direct appeal. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

ENTER: This 31st day of January, 2010.

_____
Chief United States District Judge