CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:09CR00021-01 |
| | ) | (Civil Action No. 7:16CV81214) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RONALD LEE SAUNDERS, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Ronald Lee Saunders, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Saunders has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Saunders' motion to vacate will be denied.

## Background

Saunders was indicted by a federal grand jury on April 23, 2009. Count One of the indictment charged him with distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Saunders entered a plea of guilty to that count on July 10, 2009.

In preparation for sentencing, a probation officer prepared a presentence investigation report, which designated Saunders as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Pursuant to that provision, a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Saunders' career offender designation was based on two prior felony convictions in the Circuit Court for the City of Roanoke: a 1997 conviction for distribution of cocaine, and a 2004 conviction in the same court for possession with

intent to distribute cocaine. As a career offender, Saunders was subject to an enhanced range of imprisonment of 188 to 235 months under the Advisory Guidelines.

Saunders appeared for sentencing on October 15, 2009. The court adopted the presentence report and determined that Saunders qualified for the career offender designation. However, based on multiple factors, the court varied from the career offender range and imposed a term of imprisonment of 164 months. The criminal judgment was entered on October 23, 2009. Saunders did not appeal his conviction or sentence.

On November 28, 2016, Saunders moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), Saunders argues that his prior drug convictions are not "controlled substance offenses" within the meaning of the Guidelines and, thus, that he was improperly sentenced as a career offender.

On February 8, 2017, the government moved to dismiss Saunders' § 2255 motion as untimely. Saunders filed a response to the government's motion on February 23, 2017. The matter is now ripe for review.

## Discussion

A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, Saunders' § 2255 motion is clearly untimely under § 2255(f)(1). As indicated above, the criminal judgment was entered on October 23, 2009. His conviction became final fourteen days later, on November 6, 2009, when his opportunity to note an appeal expired. See Fed. R. App. P. 4(b)(1)(A); see also United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014). Under § 2255(f)(1), Saunders had one year from that date to file a timely § 2255 motion. Because he did not execute the instant § 2255 motion until November 14, 2016, the motion is untimely under § 2255(f)(1).

The alternative accrual dates set forth in subsections (2) and (4) of § 2255(f) do not apply to Saunders' motion. Saunders makes no suggestion that government interference caused his delay in seeking relief under § 2255. Nor does he raise new facts discovered after his sentencing hearing. Instead, Saunders attempts to invoke § 2255(f)(3) by arguing that his motion was filed within one year of the Supreme Court's decision in Mathis. For the following reasons, however, the court concludes that this argument is without merit.

In Mathis, the Supreme Court reaffirmed that sentencing courts should apply a categorical approach in determining whether a particular state crime qualifies as a "violent felony" under the enumerated crimes clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. Mathis, 136 S. Ct. at 2248. In applying the categorical approach, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the listed] generic [crime],

3

while ignoring the particular facts of the case." Id. Under this approach, a state conviction will qualify as an enumerated offense, and thus a predicate crime under the ACCA, only if the elements of the state-law crime of conviction "are the same as, or narrower than, those of the [ACCA-enumerated] generic offense," regardless of whether the defendant actually committed the offense in its generic form. Id.

In cases on direct appeal, circuit courts, including the United States Court of Appeals for the Fourth Circuit, have applied the categorical approach discussed in Mathis in determining whether a prior conviction qualifies as a predicate "controlled substance offense" within the meaning of the career offender provisions of the Sentencing Guidelines. See United States v. Dozier, 848 F.3d 180, 188 (4th Cir. 2017) (holding that the defendant's underlying offense was a "categorical match of a generic controlled substance offense" and, thus, that the defendant "was properly deemed a career offender under § 4B1.1 of the Sentencing Guidelines"); United States v. Hinkle, 832 F.3d 569, 570 (5th Cir. 2016) (concluding, based on Mathis, that a defendant's conviction for delivery of a controlled substance was "not a 'controlled substance offense' within the meaning of the Guidelines, and therefore the career-offender enhancement did not apply"). Unlike the foregoing cases decided on direct appeal, Saunders is attempting to collaterally attack the validity of his career offender designation. Because more than one year has elapsed since his conviction became final, he may pursue a claim based on Mathis only if the decision recognized a new right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

In deciding retroactivity issues under § 2255(f)(3), courts apply the framework developed in Teague v. Lane, 489 U.S. 288 (1989). See, e.g., United States v. Mathur, 685 F.3d 396, 398-99 (4th Cir. 2012). "Under Teague, a court must first answer whether the Supreme Court decision in question announced a new rule." Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 (11th

4

Cir. 2012). If the court concludes that the Supreme Court decision announced a new rule, it then must determine whether the new rule applies retroactively. "Under the Teague framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Whorton v. Bockting, 549 U.S. 406, 416 (2007). Although this general rule is subject to two exceptions that allow for retroactive application in collateral proceedings, see id., the court need not decide whether either of these exceptions applies because the court concludes that Mathis did not announce a new rule.

As the Supreme Court explained in Teague, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301 (emphasis omitted). In Mathis, the Supreme Court expressly indicated that it was not announcing a new rule and that its decision was dictated by longstanding precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were – just facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257. Thus, the court concludes that Mathis did not announce a new rule of law. As the Tenth Circuit recently observed, "courts applying Mathis have consistently reached the same conclusion." United States v. Taylor, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. 2016) (collecting cases); see also Blackwell v. United States, No. 4:10-cr-00012, 2016 U.S. Dist. LEXIS 138839, at *13 (W.D. Va. Oct. 6, 2016) (Kiser, J.) ("By the [Supreme] Court's own admission, Mathis does not set a new rule."). Accordingly, Saunders' motion does not meet the requirements of § 2255(f)(3).

Finally, Saunders' motion does not present any ground on which he is entitled to equitable tolling. Under existing precedent, "equitable tolling is appropriate in those 'rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Upon review of the record, the court concludes that no such "extraordinary circumstance[s]" exist in the instant case. Id.

## Conclusion

For the reasons stated, the court concludes that Saunders' § 2255 motion is untimely. Accordingly, the court will grant the government's motion to dismiss and deny Saunders' motion. Additionally, because Saunders has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 28th day of April, 2017.

_____
Chief United States District Judge